The Honorable John Stafford Supervisor of Elections Duval County 105 East Monroe Street Jacksonville, Florida 32202
Dear Mr. Stafford:
You ask substantially the following question:
Are petition cards submitted by a candidate qualifying by the alternative method subject to inspection and copying after they have been verified and placed in a sealed box?
In sum:
Verified petition cards submitted by a candidate qualifying by the alternative method are not registration records subject to restrictions on inspection and copying under the Florida Election Code. There appears to be no requirement for sealing petition cards after verification.
Section 99.095, Florida Statutes, provides an alternative method of qualifying for candidates by means of a petitioning process. After filing a specified written oath with the Department of State, a candidate is provided petition forms prescribed by the department in sufficient numbers to facilitate the gathering of signatures.[1] Only signatures of electors registered in the county, district or other geographical entity represented by the office are counted toward obtaining the minimum number of signatures required.[2] A candidate must submit his or her petition prior to noon of the 21st day preceding the first day of the qualifying period for the office sought to the supervisor of elections.[3] The supervisor receiving the petition for a county office "shall check the signatures on the petition to verify their status as electors of the county, district, or other geographical entity represented by the office being sought. Prior to the first date for qualifying, the supervisor shall determine whether the required number of signatures has been obtained for the name of the candidate to be placed on the ballot and shall notify the candidate. If the required number of signatures has been obtained, the candidate shall, during the time prescribed for qualifying for office, submit a copy of the notice and file his or her qualifying papers and oath prescribed by s. 99.021 with the supervisor of elections. Upon receipt of the copy of the notice and the qualifying papers by the supervisor of elections, the candidate is entitled to have his or her name printed on the ballot."[4]
You question whether the petition cards filed with the supervisor of elections may be examined and copied, once they have been verified. You mention the placement of such verified petitions in a sealed box, however, you have not cited, nor have I found any provision in the election code that requires such action on behalf of the supervisor of elections.[5]
Generally, the records of state and local governments are open to inspection by any person, unless the Legislature has provided a specific exemption for a particular record.[6] Thus, absent a specific exemption, records made or received by the supervisor of election relating to the transaction of official business are subject to disclosure.
Section 97.0585, Florida Statutes, provides:
"(1) All declinations to register to vote made pursuant to ss. 97.057 and97.058 are confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution and may be used only for voter registration purposes. (2) Information relating to the place where a person registered to vote or where a person updated a voter registration is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution; and a voter's signature, social security number, and telephone number may not be copied and are exempt for that purpose from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution."
In Attorney General Opinion 01-07, this office considered whether a voter's and witnesses' signatures on the voter's certificate located on the back of the absentee ballot envelope were confidential and exempt in light of section 97.0585, Florida Statutes. An examination of the legislative history of the bill creating the section showed that the exemptions afforded by the section relate only to registration records.[7] Thus, this office concluded that the exemption in section 97.0585, Florida Statutes, does not apply to or exempt voters' and witnesses' signatures on the voter's certificate located on the back of the absentee ballot envelope.[8]
Subsequently, this office was asked whether the exemption in section97.0585(2), Florida Statutes, applies to a precinct register.[9] A precinct register contains the date of the election, the precinct number and specific information about each voter, including, name, party affiliation, residence address, registration number, date of birth, sex and race (if provided), and it may also contain a space for the elector's signature.[10] This office observed that precinct registers are used as a substitute for the registration books, both contain information derived from registration forms, and the precinct register is used to determine whether an individual is registered and eligible to vote. It was concluded that the precinct registers constitute records relating to registration. Thus, the signatures of voters on the precinct register are exempt from copying under the Florida Election Code.
While the petition cards used for qualifying by the alternative method contain information that is also found in registration records, they are not a substitute for registration records like the precinct register discussed above. The information on a petition card is more akin to that found on the absentee ballot envelope and the purpose of such cards is to indicate potential support for a candidate,[11] not to garner registration information. Verifying the information on the petition card by referencing the registration records would not appear to transform such cards into voter registration records.
Accordingly, it is my opinion that petition cards filed with the supervisor of elections by a candidate qualifying under the alternative method are not registration records that would be subject to the restrictions on inspection and copying under the Florida Elections Code.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 99.095(2), Fla. Stat.
[2] Section 99.095(3), Fla. Stat.
[3] Section 99.095(4)(a) and (b), Fla. Stat.
[4] Section 99.095(4)(b), Fla. Stat.
[5] Cf., s. 101.67, Fla. Stat., directing the supervisor of elections to "safely keep in his or her office" any envelopes received containing marked ballots of absent electors; s. 102.061, Fla. Stat., providing that at the close of the election at each precinct, the election board conducting the election shall turn the ballot box, registration books, and other records over to the relieving board which shall "proceed to open the ballot box in the presence of the public desiring to witness the canvass and count the ballots without adjournment or interruption until the count is completed.
[6] See, ss. 119.01 and 119.07(1)(a), Fla. Stat; and see, Art.I, s. 24(a), Fla. Const. 
[7] See, Staff Analysis for House Bill 2321 (passed as Chapter 94-345, Laws of Florida), summarizing the bill as "provid[ing] exemptions to the public records law for certain information relating to voter registration. . . . Finally, while a person's voter registration record can be viewed by the public, this bill will make the signature, telephone number and social security number exempt from being copied." House of Representatives Committee on Ethics and Elections Final Bill Analysis 
Economic Impact Statement, HB 2321, June 7, 1994.
[8] See also, Op. Att'y Gen. Fla. 01-16 (2001) (s. 98.095, Fla. Stat., by its terms applies only to voter registration information contained in county registration books).
[9] See, Op. Att'y Gen. Fla. 02-54 (2002).
[10] See, s. 98.461, Fla. Stat.
[11] See, s. 99.095(3), Fla. Stat., requiring signatures of a number of qualified voters of the district, county, or other geographical entity equal to at least one percent of the total number of registered voters of the district, county, or other geographical entity.